# WILSON *vs.* GAMBLE.

In actions in form *ex delicto,* if a party who ought to join be omitted, the objection can only be taken by plea in abatement, or by way of apportionment of the damages on trial.

Where one tenant in common commences an action to recover damages for a

trespass, and another gives a release, this is no bar to the maintenance of the suit, but the plaintiff is entitled to damages only to the extent of his interest.

TRESPASS *quare clausum fregit.* The defendant pleaded the general issue, and filed a brief statement, setting forth that one James Emerson was tenant, in common with the plaintiff, of the close described in the declaration, when the trespasses complained of were committed, and that, after the commencement of the action, said Emerson released to the defendant said trespasses.

It appeared in evidence, on the trial, that said Emerson was tenant, in common with the plaintiff, of said close, as set forth, and that he cut wood and timber thereon at the same time ; and the defendant offered in evidence a release, executed by said Emerson, since the commencement of this suit, and contended that the same was a sufficient bar to the plaintiff's action.

The court ruled that the evidence was inadmissible for that purpose, but admitted it to go in reduction of the damages, to the extent of Emerson's interest. The defendant's counsel excepted to the above ruling of the court, and, the jury having returned a verdict for the plaintiff, moved for a new trial.

*James Sullivan*, for the plaintiff.

*Bowman & Porter*, for the defendant.

GREEN, J. The general rule is, that tenants in common should join in personal actions. 3 *Bac. Abr., Joint Tenants, K. ; Co. Lit.* 198.

In actions in form *ex delicto*, if a party who ought to join be omitted, the objection can only be taken by plea in abatement, or by way of apportionment of the damages on trial. 1 *Chitty's Plead.* 53.

Where several join in a personal action to charge a defendant, the release of one is a bar to all. 3 *N. H. R.* 96, 100.

In this case, one tenant in common brings his suit to recover his portion of the damages sustained. There is no plea in abatement, and the release of the other tenant is no discharge, it not being a joint suit.

The court was right in excluding the evidence, for any other purpose than assessing damages.

*Judgment on the verdict.*